**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | |
|---|---|
| **JERMAINE MINOR, on behalf of himself and other persons similarly situated,**<br><br>              Plaintiff,<br><br>   v.<br><br>**OLDCASTLE SERVICES, INC.,**<br><br>              Defendant. | Case No.   21-cv-00503<br><br>Removed from the State of Illinois, Circuit Court of St. Clair County, Case No. 21 L 0361 |

## NOTICE OF REMOVAL

Defendant, Oldcastle Services, Inc. ("Oldcastle Services"), which is not the properly named defendant in this matter, hereby removes the above-captioned action, which is currently pending in the Illinois Circuit Court of St. Clair County, to the United States District Court for the Southern District of Illinois. This removal is based upon diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of its Notice of Removal, Oldcastle Services states the following:

### *The State Court Action*

1.      On April 16, 2021, Plaintiff Jermaine Minor ("Plaintiff") filed a putative class action complaint in the Circuit Court of St. Clair County, captioned *Jermaine Minor, on behalf of himself and other persons similarly situated v. Oldcastle Services, Inc.*, Case No. 21 L 0361 (the "Action"). The Complaint alleges that Oldcastle Services violated the Illinois Biometric Information Privacy Act (740 ILCS 14/1, *et seq.*) ("BIPA") in a number of different ways. (*See* Exhibit 1, Compl., ¶¶ 32-35.)

2.      Oldcastle Services was served with a copy of the Summons and Complaint on April 21, 2021. This was Oldcastle Services' first formal notice of the Action. In accordance with 28 U.S.C. § 1446(b), a true and correct copy of all process, pleadings, and orders served upon Oldcastle Services, including a copy of the Summons and Complaint, is attached as **Exhibit 1**. No other processes, pleadings, or orders have been served on Oldcastle Services in this matter.

3.      This Notice of Removal is timely filed within 30 days of Oldcastle Services' receipt of service of the Complaint as permitted by 28 U.S.C. § 1446(b).

4.      Plaintiff alleges that he brings this Complaint on behalf of a proposed class of "[a]ll individuals whose biometric data Defendant collected or stored in Illinois." (the "Class"). (Ex. 1, Compl., ¶ 28.)

5.      Plaintiff alleges that Oldcastle Services violated his rights and the rights of the Class under BIPA by:

- Failing to publicly provide a retention schedule or guideline for permanently destroying its employees' biometric identifiers and information, in violation of 740 ILCS 14/15(a).

- Failing to inform Plaintiff and the Class in writing that their biometric identifiers and information were being collected and stored, in violation of 740 ILCS 14/15(b)(1);

- Failing to inform Plaintiff and the Class in writing of the specific purpose and length of term for which their biometric identifiers or information were being collected, stored, and used, in violation of 740 ILCS 14/15(b)(2);

- Failing to obtain written releases from Plaintiff and the Class before it collected, used and stored their biometric identifiers and information, in violation of 740 ILCS 14/15(b)(3); and

- Failing to store class members' biometric data using the reasonable standard of care within the industry and/or in the manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information, in violation of 740 ILCS 14/15(e).

(*See id.*, ¶¶ 32-35.)

6.      Plaintiff seeks declaratory and injunctive relief, statutory damages on behalf of himself and the Class for each time Oldcastle Services violated BIPA, punitive damages; reasonable attorneys' fees and litigation expenses; and pre- and post-judgment interest. (*Id.*, Prayer for Relief.)

### Jurisdiction and Venue

7.      Because the Circuit Court of St. Clair County lies in the Southern District of Illinois, East St. Louis Division, this Court is the appropriate venue for removal. *See* 28 U.S.C. §§ 93(c), 1441(a), and 1446(a).

8.      As explained further below, this Court has original jurisdiction over this Action pursuant to 28 U.S.C. §§ 1332(a)(1), because it is a civil action between citizens of different states and the amount in controversy with regard to Plaintiff exceeds $75,000.[1]

### Diversity Jurisdiction

9.      The federal courts have original jurisdiction over actions such as this one by virtue of the diversity jurisdiction granted by 28 U.S.C. § 1332(a)(1).

10.      The parties are citizens of different states.

11.      Plaintiff's Complaint does not contain an allegation with respect to Plaintiff's citizenship. (*See* Ex. 1, Compl.) However, Plaintiff is a citizen of Illinois. (*See* **Exhibit 2**, Declaration of Chris White ("White Decl."), ¶ 8.)

---

[1] Oldcastle Services does not concede, and specifically reserves the right to contest, all of Plaintiff's alleged factual assertions, legal contentions, and alleged damages.

12.     Oldcastle Services is a Delaware corporation with its principal place of business in Georgia.[2] (*See* Ex. 2, White Decl., ¶ 4.)

13.     For purposes of diversity, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 80-1 (2010) (a corporation's principal place of business is its "nerve center," typically found at a corporation's headquarters, or the place where its officers direct, control, and coordinate the corporation's activities).

14.     Therefore, for the purposes of determining diversity jurisdiction, Plaintiff is a citizen of Illinois. Oldcastle Services is a citizen of Delaware and Georgia.

15.     The parties are of diverse citizenship, as Plaintiff is a citizen of Illinois and Oldcastle Services is a citizen of Delaware and Georgia.

### Amount in Controversy

16.     To support diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). A removing defendant can establish the amount in controversy "by calculation from the complaint's allegations." *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). The defendant need only establish by a preponderance of the evidence that the plaintiff could stand to recover over $75,000 if he were to prevail, not that the plaintiff would in fact be awarded more than that amount. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

---

[2] Oldcastle Services is not the proper defendant here. The proper defendant is Oldcastle Lawn & Garden, Inc. ("Oldcastle Lawn & Garden") Like Oldcastle Services, Oldcastle Lawn & Garden is a Delaware corporation with its principal place of business in Georgia, thus the diversity jurisdiction analysis is the same for either entity. (*See* Ex. 2, White Decl., ¶ 6.)

17.     Where a plaintiff provides little information regarding the value of his claims, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id.* at 511; *see also Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). Once the defendant has satisfied this burden, the plaintiff may defeat federal jurisdiction "only if it appears to a legal *certainty* that the claim is really for less than the jurisdictional amount." *Id.* (emphasis added); *see also Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008). While Oldcastle Services denies the validity and merit of all Plaintiff's claims and denies his requests for relief thereon, the factual allegations in Plaintiff's Complaint, supplemented by his dates of employment (omitted from his pleadings), establish that more than $75,000 is at controversy in this action.

18.     Plaintiff alleges that Oldcastle Services violated BIPA when it required him "to clock-in and clock-out by scanning their fingerprints into a fingerprint-scanning machine" (*See* Ex. 1, Compl., ¶ 3.)

19.     Plaintiff was an employee of Express Services, Inc. and was placed with Oldcastle Lawn & Garden, Inc. ("Oldcastle Lawn & Garden") from November 26, 2018 to January 7, 2019 at its Sauget, Illinois facility. (Ex. 2, White Decl., ¶ 7.) During his placement, Plaintiff worked approximately 25 shifts. (*Id.* at ¶ 9.) Oldcastle Services administers payroll for a number of related entities, including Oldcastle Lawn & Garden. (*Id.* at ¶ 5.)

20.     Plaintiff claims that "Oldcastle's conduct is at best negligent and at worst reckless," and seeks statutory damages of $5,000 "for each willful and/or reckless violation of the Act." (*See* Ex. 1, Compl., ¶ 36 and Prayer for Relief, § c.) Plaintiff alleges he was required to scan his fingerprint to clock in and out of work during his employment. (*Id.* at ¶ 3) If each time Plaintiff clocked in or out of a shift for Oldcastle Services were deemed to be a separate violation of BIPA

(a claim that Oldcastle Services would strenuously oppose), then at $5,000 per violation, only sixteen violations (eight shifts) would place $80,000 at issue. Plaintiff worked well over eight shifts (*see* Ex. 2, White Decl. at ¶ 9), and thus exceeds the minimum amount in controversy.

21.    As a result of the diversity of citizenship and amount in controversy, diversity jurisdiction is satisfied and removal is proper.

*Compliance with Procedural Requirements*

22.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed within 30 days of Oldcastle Services being served with the complaint on April 21, 2021. (*See* Ex. 1.)

23.    Attached as **Exhibit 3** is a true and correct copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served upon Plaintiff Jermaine Minor, as required by 28 U.S.C. § 1446(d), through his attorneys, Roberto Costales and William Beaumont, Beaumont Costales, LLC 107 W. Van Buren, Suite 209, Chicago, Illinois 60605.

24.    A true and correct copy of this Notice of Removal has been forwarded for filing in the Circuit Court of St. Clair County. Attached as **Exhibit 4** is a copy of the Notice to State Court of Filing of Notice of Removal, the original of which is being filed with the Clerk of the Circuit Court of St. Clair County as required by 28 U.S.C. § 1446(d).

25.    Oldcastle Services files this Notice of Removal solely for the purpose of removing the instant Action and does not waive, and specifically reserves, any and all defenses.

**WHEREFORE,** having fulfilled all statutory requirements, Defendant Oldcastle Lawn & Garden, Inc., incorrectly sued herein as Oldcastle Services, Inc. hereby removes this Action from the Circuit Court of St. Clair County, to this Court, and requests this Court assume full jurisdiction

over the matter as provided by law and permit this Action to proceed before it as a matter

properly removed thereto.

Dated: May 21, 2021                         Respectfully Submitted,


                                            _/s/ Patricia J. Martin_____


Patricia J. Martin, ARDC #6288389
_pmartin@littler.com_
LITTLER MENDELSON, P.C.
600 Washington Avenue, Suite 900
St. Louis, Missouri 63101
314-659-2000

_Attorney for Defendant_

## CERTIFICATE OF SERVICE

I, Patricia J. Martin, an attorney, certify that I caused a copy of the foregoing document to be served upon the below attorneys of record via email on May 21, 2021:

Roberto Costales
William Beaumont
Beaumont Costales LLC
107 W. Van Buren, Suite 209
Chicago, Illinois 60605

*/s/ Patricia J. Martin*
One of Defendant's Attorneys

# EXHIBIT 1

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT | SUMMONS | For Court Use Only |
|---|---|---|
| St. Clair _____ COUNTY | | |

**Instructions ▼**

Enter above the county name where the case was filed.

Enter your name as Plaintiff/Petitioner.

Jermaine Minor

**Plaintiff / Petitioner** *(First, middle, last name)*

Enter the names of all people you are suing as Defendants/Respondents.

v.

Enter the Case Number given by the Circuit Clerk.

Oldcastle Services, Inc.

**Defendant / Respondent** *(First, middle, last name)*

21L0361

**Case Number**

---

In **1**, if your lawsuit is for money, enter the amount of money you seek from the Defendant/Respondent.

**1.   Information about the lawsuit:**

Amount claimed:   $ in excess of $50,000

In **2**, enter your contact information. If more than 1 person is bringing this lawsuit, attach an *Additional Plaintiff/Petitioner Contact Information* form.

**2.   Contact information for the Plaintiff/Petitioner:**

Name *(First, Middle, Last)*:  William H. Beaumont

Street Address, Apt #:   107 W. Van Buren, Suite 209

City, State, ZIP:   Chicago, IL 60605

Telephone:  (773) 831-8000

See attached for additional Plaintiff/Petitioner contact information

In **3**, enter the name of the person you are suing and their address. If more than 1 person is being sued, attach an *Additional Defendant/Respondent Contact Information* form.

**3.   Contact information for the Defendant/Respondent:**

Name *(First, Middle, Last)*:  Oldcastle Services, Inc. (via agent: Illinois Corporation Service)

Street Address, Apt #:   801 Adlai Stevenson Drive

City, State, ZIP:   Springfield, IL 62703

Telephone:

See attached for additional Defendant/Respondent contact information

---

**Important Information for the person receiving this form:**

You have been sued.

Follow the instructions on the next page on how to appear/answer.

- If you do not appear/answer the court may decide the case without hearing from you and enter a judgment against you for what the plaintiff/petitioner is asking.
- Your written appearance/answer must be filed on time and in the proper form.
- Forms for a written appearance/answer are available here: http://www.illinoiscourts.gov/forms/approved/default.asp

If you cannot afford to pay the fee for filing your appearance/answer, ask the circuit clerk for an *application for waiver of court fees.*

You should read all of the documents attached.

APR 2 1 2021

Enter the Case Number given by the Circuit Clerk: 21L0361

| | |
|---|---|
| In 4, the Circuit Clerk will give you the court date or appearance date, check any boxes that apply, and include the address of the court building and room where the Defendant/ Respondent must file their response. | **4.   Instructions for person receiving this form (Defendant/Respondent):**<br><br>To respond to this *Summons* you must:<br><br>☐   Go to court:<br>      On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.<br>      Address: _____ Court Room: _____<br>      City, State, ZIP: _____<br><br>☐   File a written *Appearance* and *Answer/Response* with the court:<br>      On or before this date: _____ at this time: _____ ☐ a.m. ☐ p.m.<br>      Address: _____<br>      City, State, ZIP: _____<br><br>☑   File a written *Appearance* and *Answer/Response* with the court within 30 days from<br>      the day you receive this *Summons* (listed below as the "Date of Service").<br>      On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.<br>      Address: _____<br>      City, State, ZIP:   10 Public Square, Belleville, IL 62220 |

| | |
|---|---|
| **STOP!**<br>The Circuit Clerk will fill in this section. | **Witness this Date:** _____<br><br>**Clerk of the Court:** _____ |

Seal of Court

*Kahilah A. Clay*
KAHALAH A CLAY, Circuit Clerk
**4/20/2021**
**Morgan Ragsdale**

| | |
|---|---|
| **STOP!**<br>The officer or process server will fill in the Date of Service. | **This *Summons* must be served within 30 days of its date, listed above.**<br><br>Date of Service: _____<br>      *(Date to be entered by an officer or process server on the copy of this Summons left*<br>      *with the Defendant/Respondent or other person.)* |

| | |
|---|---|
| **Plaintiff/Petitioner:** | To serve this *Summons*, you must hire the sheriff (or a private process server outside of Cook County) to deliver it and your Complaint/Petition to the Defendant/Respondent. If the sheriff (or private process server outside of Cook County) tries but can't serve the *Summons*, fill out another summons and repeat this process. |

| | |
|---|---|
| **Attention:** | E-Filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.html to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp, or talk with your local circuit clerk's office. |

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT | AFFIDAVIT OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|
| St. Clair ___ COUNTY | | |

| Instructions | | |
|---|---|---|
| Enter above the county name where the case was filed. | Jermaine Minor | |
| | **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the name of the person you are suing as Defendant/Respondent. | v. | |
| Enter the Case Number given by the Circuit Clerk. | Oldcastle Services, Inc. | 21L0361 |
| | **Defendant / Respondent** *(First, middle, last name)* | **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff will fill in the form.\*\***

**DO NOT** complete this section. The sheriff will complete it.

My name is _____ and I swear under oath
*First, Middle, Last*

that I served the *Summons* and Complaint/Petition on the Defendant/Respondent

_____ **as follows:**
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
Male: ☐   Female: ☐   Approx. Age: _____ Hair Color: _____
Height: _____   Weight: _____
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

☐ At the Defendant/Respondent's home:
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____
And left it with: _____
*First, Middle, Last*
Male: ☐   Female: ☐   Approx. Age: _____
and by sending a copy to this defendant in a postage-paid, sealed envelope to the
above address on _____ , 20_____

☐ On the Corporation's agent, _____
*First, Middle, Last*
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk: 21L0361

| **DO NOT** complete this section. The sheriff, or private process server will complete it. |
|---|

**By:**

_____
*Signature*

_____
*Print Name*

**FEES**

By certified/registered     $ _____

Service and Return          $ _____

Miles: _____      $ _____

Total     $ _____

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Elysia Agne
21L0361
St. Clair County
4/16/2021 10:06 AM
12980458

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| JERMAINE MINOR, on behalf of himself and other persons similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>OLDCASTLE SERVICES, INC.,<br><br>        Defendant. | Case No.:<br> 21L0361<br><br><br>CLASS ACTION COMPLAINT |

Plaintiff Jermaine Minor files the following Class Action Complaint against Defendant

Oldcastle Services, Inc.:

## NATURE OF THE ACTION

1.　　This is an action by Jermaine Minor ("Plaintiff") on behalf of himself and a class

of similarly situated individuals ("class members") to obtain statutory damages and other equitable

relief under the Illinois Biometric Information Privacy Act ("BIPA" or "the Act").

2.　　Plaintiff and class members are subject to the unlawful biometric scanning and

storage practices of the Defendant, Oldcastle Services, Inc. ("Oldcastle" or "Defendant").

3.　　As past and present employees of Oldcastle, Plaintiff and class members were

required to provide Oldcastle with their personalized biometric indicators and the biometric

information derived therefrom ("biometric data"). Specifically, Oldcastle collects and stores its

employees' fingerprints and requires its employees to clock-in and clock-out by scanning their

fingerprints into a fingerprint-scanning machine.

4.　　Following the capture of their employees' biometric data, Oldcastle uses this data

to compare the future scans of their employees' fingerprints into a punch-clock device. The punch-

clock device scans each fingerprint and confirms that the employee punching in to work is who they claim to be. The collection of the punch-clock fingerprint entries is then used to confirm employees' presence.

5.     Plaintiff and class members have not been notified where their fingerprints are being stored, for how long Oldcastle will keep the fingerprints, and what might happen to this valuable information.

6.     The State of Illinois recognized the value and importance of preserving people's biometric data when it passed the Illinois Biometric Information Privacy Act.

7.     Unlike other forms of personal identification, such as photo IDs or passwords, fingerprints are immutable aspects of our bodies. This makes them a promising source of future identification-related technology, particularly in our increasingly insecure technological world.

8.     If Oldcastle insists on collecting and storing its employees' fingerprints, Oldcastle must comply with BIPA. This includes (1) notifying employees the practice is taking place; (2) informing employees of how the practice is implemented; (3) obtaining written consent from the employees to collect and store their biometric data; (4) maintaining their employees' biometric data in a sufficiently secure manner; and (5) maintaining a publicly available disclosure of how the biometric data will be handled and destroyed.

9.     Unfortunately for Plaintiff and class members, none of these directives were followed. Accordingly, Plaintiff bring this action on behalf of himself and class members to obtain statutory damages and injunctive relief for violations of the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq*.

## JURISDICTION

10.     This Court has jurisdiction over Defendant because Defendant has a base of operations in Illinois and does business extensively in Illinois. Furthermore, Defendant's unlawful conduct arose and was perpetuated by Defendant while it was located in Illinois.

## VENUE

11.     Venue is proper in this Court because Defendant is doing business and has a base of operations in St. Clair county. Additionally, Defendant's unlawful conduct arose and was perpetuated by Defendant while it was located in St. Clair county.

## PARTIES

12.     Plaintiff worked at Oldcastle's "lawn and garden" facility in Sauget, Illinois.

13.     During the course of Plaintiff's employment with Oldcastle, he was subject to the same fingerprint-storing practices as other Oldcastle employees, outlined in further detail below.

14.     Defendant is a private, Georgia-based corporation.

15.     Defendant formerly used the name Oldcastle APG, Inc.

## FACTUAL ALLEGATIONS

16.     During the class period Oldcastle required certain employees to scan their fingerprints in order to clock in and out at Oldcastle jobsites.

17.     As part of this process, Oldcastle recorded and stored certain employees' fingerprint biometrics using fingerprint-scanning computer technology.

18.     As part of this process, Oldcastle associated employees' biometric data with their personal identifying information, such as name and address.

19.     Thus, Oldcastle caused the biometric data from employees' fingerprints to be recorded, collected, and stored.

3

20.     Oldcastle did not inform in writing either Plaintiff or class members that their biometric data was being recorded, obtained, collected, and/or stored.

21.     Oldcastle did not inform in writing either Plaintiff or class members the specific purpose and length of term for which their biometric data would be collected, stored, and/or used.

22.     Oldcastle did not obtain Plaintiff's or class members' written consent to record, collect, obtain, and/or store Plaintiff and class members' biometric data.

23.     Oldcastle did not obtain Plaintiff's or class members' written consent to capture and store Plaintiff and class members' biometric data.

24.     Oldcastle did not disclose to Plaintiff, class members, or the public its written retention schedule and guidelines for permanently destroying employee biometric data.

25.     Oldcastle did not disclose to Plaintiff or class members, in writing, of the specific purpose and length of term for which it was collecting, storing, and/or using class members' biometric information.

26.     Oldcastle did not disclose to Plaintiff the identities of any third parties with whom Oldcastle was directly or indirectly sharing, disclosing, or otherwise disseminating class members' biometric information.

27.     Upon information and belief, Oldcastle is storing its data in a manner less secure than it stores other similarly sensitive data. Upon information and belief, Oldcastle stores its employees' social security numbers (along with similar personal data) and confidential business records on personal computer systems with demonstrably more security than its fingerprint scanning machines possess. In addition to higher cyber security, Oldcastle's personal computer systems are in secure physical locations not as easily accessible to third-parties and Oldcastle employees.

## CLASS ACTION ALLEGATIONS

28.     Plaintiff seeks to certify a class action pursuant to 735 ILCS § 5/2-801 on behalf of the following class:

> *"All individuals whose biometric data Defendant collected or*
>
> *stored in Illinois."*

29.     Class treatment in this case is appropriate because:

(a) The class is so numerous that joinder of all members is impracticable. While the precise number of class members has not been determined, Plaintiff is informed and believes that there are sufficiently numerous class members such that joinder in impracticable;

(b) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members; these common questions of law and fact include, without limitation:

   i.   Whether Oldcastle collected and recorded class members' biometric data;

   ii.  Whether Oldcastle obtained any class members' written consent to collect their biometric data;

   iii. Whether Oldcastle's conduct violates the BIPA; and

   iv.  Whether Plaintiff and class members are entitled to damages and/or injunctive relief.

(c) Given the nature of the employer-employment relationship, and the fact that Oldcastle employees will likely risk their jobs and/or livelihoods to enforce

their rights under BIPA, members of the class will be reluctant to bring forth claims for unpaid wages and notices violations for fear of retaliation;

(d) The class representative, class members and Defendant have a commonality of interest in the subject matter and remedies sought and the Plaintiff is able to fairly and adequately represent the interest of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, the Defendant and the Court.

(e) The class action provides a superior method for fairly and efficiently adjudicating this controversy because many class members cannot feasibly vindicate their rights by individual suit because the value of their recoveries are outweighed by the burden and expense of litigating against the corporate defendant.

30.     Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
## VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT
(Damages)

31.     Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

32.     Oldcastle recorded, collected, and stored Plaintiff's and class members' biometric identifiers and biometric information as defined by 740 ILCS § 14/10 of the Act. Every instance of Oldcastle collecting, capturing, storing, and/or sharing Plaintiff's and class members' biometrics identifiers and biometric information constitutes a violation of the Act.

6

33.     Oldcastle violated Section 14/15(a) of the Act by failing to develop and/or make public its written policy to Plaintiff and class members.

34.     Oldcastle violated Section 14/15(b) of the Act by collecting, capturing, obtaining and storing Plaintiff's and class members' biometric identifiers and/or information without informing them in writing and obtaining a written release, that:

(a) The biometric data was being recorded, obtained, collected, or stored; and

(b) The specific purpose and length of term for which the biometric data was being collected, captured, obtained, and/or stored.

35.     Oldcastle violated 14/15(e) of the Act by failing to store class members biometric data using the reasonable standard of care within its industry and/or in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information.

36.     Oldcastle's conduct is at best negligent and at worst reckless.

37.     Accordingly, Oldcastle is liable to Plaintiff and class members in the amount of liquidated damages, or actual damages, whichever is greater. 740 ILCS § 14/20(1).

## COUNT II
## VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT
(Injunctive Relief)

38.     Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

39.     The Act provides for injunctive relief. 740 ILCS § 14/20(4).

40.     Plaintiff and class members are entitled to an order requiring Oldcastle to make disclosures consistent with the Act and enjoining further unlawful conduct.

41.     Plaintiff seeks an order requiring Oldcastle to publicly disclose a written policy establishing the specific purpose and length of term for which class members' biometric data has been collected, stored, and used. Additionally, Plaintiff seeks a disclosure from Oldcastle relative to its policy of permanently destroying class members' biometric data. 740 ILCS § 14/15(a).

42.     Plaintiff seeks an order requiring Oldcastle to disclose whether Oldcastle retained his or any other class members' biometrics, and, if so, when and how such biometrics were permanently destroyed.

43.     Plaintiff seeks an order requiring Oldcastle to disclose to whom it has disseminated, sold, or transferred Plaintiff's and class members' biometric data.

44.     Plaintiff seeks an order requiring Oldcastle to disclose the standard of care that it employed to store, transmit, and protect class members biometrics.

45.     Plaintiff seeks an order enjoining Oldcastle from future violations of the Act.

46.     Plaintiff and class members do not know what Oldcastle has done (or intends to do) with their biometric data. Injunctive relief is necessary to afford Plaintiff and class members the safety and peace of mind envisioned by the passage of the Act.

## **PRAYER FOR RELIEF**

Plaintiff asks the court to enter judgment in his favor against Defendant and issue an order:

a.  Certifying this case as a class action, naming Plaintiff class representative and his counsel as class counsel;

b.  Declaring that Oldcastle has violated the Illinois Biometric Information Privacy Act, and enter a judgment in favor of Plaintiff and the class;

c.  Awarding statutory damages of $5,000 for each willful and/or reckless violation of the Act;

d.  Awarding statutory damages of $1,000 for each negligent violation of the Act;

8

e.  Awarding injunctive and equitable relief as necessary to protect the interests of the Plaintiff and the class;

f.  Awarding punitive damages pursuant to the formula set forth in 820 ILCS § 105/12(a);

g.  Declaring that Defendant's conduct violated the Act;

h.  Awarding reasonable attorneys' fees and costs of this action;

i.  Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

j.  Awarding such other general and equitable relief as this Court deems equitable and just.

*Respectfully submitted,*

*/s/ William H. Beaumont*

Roberto Luis Costales (#6329085)
William H. Beaumont (#6323256)
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
Telephone: (773) 831-8000
rlc@beaumontcostales.com
whb@beaumontcostales.com
*Attorneys for Plaintiff*

9

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | |
|---|---|
| **JERMAINE MINOR, on behalf of himself and other persons similarly situated,** | Case No.   **21-cv-00503** |
| Plaintiff, | Removed from the State of Illinois, Circuit Court of St. Clair County, Case No. 21 L 0361 |
| v. | |
| **OLDCASTLE SERVICES, INC.,** | |
| Defendant. | |

<u>**DECLARATION OF CHRIS WHITE**</u>

COMES NOW Chris White, and, pursuant to 28 U.S.C. § 1746, declares as follows:

1.      I am a citizen of the United States, over 18 years of age, and competent to testify as to the matters contained in this Declaration.

2.      I have personal knowledge of the facts set forth in this Declaration, or I have knowledge of such facts based upon corporate records which I have reviewed.  Such corporate records are maintained in the regular course of business.

3.      I am employed by Oldcastle Lawn & Garden, Inc. ("Oldcastle Lawn & Garden"). I have been with Oldcastle Lawn & Garden since September 2019 as Director of Talent Management and Human Resources. In my role, I am familiar with Oldcastle Lawn & Garden and its operations, as well as with its affiliates.

4.      The named defendant in this case, Oldcastle Services, Inc. ("Oldcastle Services"), is a corporation formed under the laws of the State of Delaware. Its principal place of business is in Georgia.

5.      Oldcastle Services is an entity that administers payroll for a number of related entities, including Oldcastle Lawn & Garden, Inc ("Oldcastle Lawn & Garden"). Oldcastle Services does not have any employees.

6.      Oldcastle Lawn & Garden is one of OldCastle Services' affiliates. Oldcastle Lawn & Garden is a corporation formed under the laws of the State of Delaware. Its principal place of business is in Georgia

7.      Oldcastle Services' records reflect that Plaintiff Jermaine Minor ("Minor") was an employee of Express Services, Inc. and was placed with Oldcastle Lawn & Garden at its facility in Sauget, Illinois from approximately November 26, 2018 to January 7, 2019.

8.      Based on the records submitted during the course of his placement with Oldcastle Lawn & Garden, Minor resides in, and is a citizen of, the State of Illinois.

9.      During his placement with Oldcastle Lawn & Garden, Minor worked approximately 25 shifts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed this ⟨21⟩ st day of May 2021.



_____
Chris White

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | |
|---|---|
| **JERMAINE MINOR, on behalf of himself and other persons similarly situated,** | Case No.  **21-cv-00503** |
| Plaintiff, | Removed from the State of Illinois, Circuit Court of St. Clair County, |
| v. | Case No. 21 L 0361 |
| **OLDCASTLE SERVICES, INC.,** | |
| Defendant. | |

## NOTICE TO ADVERSE PARTY OF FILING OF NOTICE OF REMOVAL

To:    Roberto Costales
William Beaumont
Beaumont Costales LLC
107 W. Van Buren, Suite 209
Chicago, Illinois 60605

PLEASE TAKE NOTICE that on May 21, 2021, Defendant Oldcastle Services, Inc., by and through its attorneys, Littler Mendelson, P.C., filed its Notice of Removal with the Clerk of the United States District Court for the Southern District of Illinois, East St. Louis Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, of this action now pending in the Circuit Court of St. Clair County, Case No. 21 L 0361.  A copy of that Complaint was filed with the Notice of Removal.  Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal is attached to this Notice and hereby served upon you.

*Signature page follows*

Dated:  May 21, 2021                    Respectfully Submitted,


                                        /s/ Patricia J. Martin


Patricia J. Martin, ARDC #6288389
*pmartin@littler.com*
LITTLER MENDELSON, P.C.
600 Washington Avenue, Suite 900
St. Louis, Missouri 63101
314-659-2000

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I, Patricia J. Martin, an attorney, certify that I caused a copy of the foregoing document to be served upon the below attorneys of record via email on May 21, 2021:

Roberto Costales
William Beaumont
Beaumont Costales LLC
107 W. Van Buren, Suite 209
Chicago, Illinois 60605


*/s/ Patricia J. Martin*_____
One of Defendant's Attorneys

# EXHIBIT 4

**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST CLAIR COUNTY, ILLINOIS**

| | |
|---|---|
| **JERMAINE MINOR, on behalf of himself and other persons similarly situated,** | |
| Plaintiff, | Case No. 21 L 0361 |
| v. | |
| **OLDCASTLE SERVICES, INC.,** | |
| Defendant. | |

## DEFENDANT'S NOTICE TO STATE COURT OF FILING OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE that on May 21, 2021, Defendant Oldcastle Services, Inc., by and through its attorneys, Littler Mendelson, P.C., filed a Notice of Removal with the Clerk of the United States District Court for the Southern District of Illinois, East St. Louis Division pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. A true and correct copy of the Notice of Removal is attached as Exhibit A.

PLEASE TAKE FURTHER NOTICE that the filing of said Notice of Removal in Federal Court, together with the filing of a copy of said Notice with this Court, effects the removal of this Action in accordance with 28 U.S.C. § 1446(d).

*Signature page follows*

Dated:  May 21, 2021                          Respectfully Submitted,


                                                   */s/ Patricia J. Martin*_____


Patricia J. Martin, ARDC #6288389
*pmartin@littler.com*
LITTLER MENDELSON, P.C.
600 Washington Avenue, Suite 900
St. Louis, Missouri 63101
314-659-2000

*Attorney for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I, Patricia J. Martin, an attorney, certify that I caused a copy of the foregoing document to be served upon the below attorneys of record via email on May 21, 2021:

Roberto Costales
William Beaumont
Beaumont Costales LLC
107 W. Van Buren, Suite 209
Chicago, Illinois 60605

*/s/ Patricia J. Martin*
One of Defendant's Attorneys