IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JERMAINE MINOR, on behalf of himself and
other persons similarly situated,

                Plaintiff,

v.

OLDCASTLE SERVICES, INC.

                Defendant.

Case No.: 21-cv-503-SMY

**MOTION PURSUANT TO RULE 25(a) TO SUBSTITUTE KEKEISHA BEALSEY AND
JERMON MINOR FOR DECEASED PLAINTIFF JERMAINE MINOR**

Pursuant to Fed. R. Civ. P. 25, the four children and sole beneficiaries of deceased

Plaintiff Jermaine Minor hereby move to substitute themselves for their late father in this action.

Movants are Plaintiff's adult son, Jermon Minor, and Kekeisha Beasley, the mother of Plaintiff's

three minor children: J.M.1, J.M.2, and A.M.

**1. Case background.**

This case is a putative class action brought under the Illinois Biometric Information

Privacy Act ("BIPA") 740 ILCS § 14/1 *et seq*. The plaintiff-decedent, Mr. Jermaine Minor,

originally filed the case on April 26, 2021. *See* ECF No. 1 at 14. His complaint alleged that

Defendant, Oldcastle Services Inc. ("Oldcastle") unlawfully collected and stored the biometrics

of its employees via a biometric timeclock. *Id*. Mr. Minor sought to represent both himself and a

class of individuals for Oldcastle's violations of the BIPA. *Id*. at 18-19. On May 21, 2021,

Oldcastle removed Plaintiff Minor's case to this Court. *Id*. at 1. Thereafter the case was stayed,

pending two appeals working their way through Illinois appellate courts. *See* ECF No. 9. That

stay is still in place.

Sadly, on July 1, 2022, Plaintiff Minor passed away. *See Exhibit 1*, Declaration of Kekeisha Beasley ("Beasley Decl.") at ¶ 3 and *Exhibit 2*, Declaration of Jermon Minor ("Minor Decl.") at ¶ 3. Plaintiff Minor died without an estate or a will. Beasley Decl. ¶ 3, Minor Decl. ¶ 3. Plaintiff Minor was not married at the time of his death and he was survived by one adult child, movant Jermon Minor, and three minor children: J.M.1, J.M.2, and A.M. Beasley Decl. ¶ 4-5, Minor Decl. ¶ 4.

Now, Jermon Minor on his own behalf, and Kekeisha Beasley on behalf of Plaintiff Minor's three minor children, bring this motion pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure to substitute themselves for Plaintiff in this action. As a legal successors to Plaintiff Minor, J.M.1, J.M.2, A.M., and Jermon Minor are proper parties to bring this motion. Moreover, substitution is proper here because Plaintiff Minor's claims under Illinois state law were not extinguished upon his death, but instead survive and vest in his surviving successors in interest.

1. **Movants are proper parties to substitute in place of Plaintiff Minor**.

"Federal Rule of Civil Procedure 25(a)(1) governs the substitution of a party who has died." *Hicks v. Young*, 2012 WL 1755735, at *1 (N.D. Ill. May 15, 2012); *see also Russell v. City of Milwaukee*, 338 F.3d 662, 663 (7th Cir. 2003). In particular, Rule 25(a) "provides that if the claim on which the suit is based survives the death [of the plaintiff] the court may order the substitution of the proper party, ordinarily the personal representative of the party who has died." *Atkins v. City of Chicago*, 547 F.3d 869, 870–71 (7th Cir. 2008). "Rule 25(a) recognizes that the proper party usually will be the representative of the decedent's estate who has been appointed under state law." *Bertam Music Co. v. P & C Enter., Inc.*, 2011 WL 2633666, at *6 (C.D. Ill. July 5, 2011) (citations omitted). However, where this is no estate, Rule 25(a)(1) "also uses the

word 'successor,' which indicates that a person may be substituted as a party even though the person has not been formally appointed as a representative or administrator." *Id.* (citing 6 James Moore, et al., Moore's Federal Practice § 25.12[3]).

Here, no one has been formally appointed representative or administrator of Plaintiff Minor's estate because Plaintiff Minor has no estate. Movants Beasley and Minor have submitted sworn declarations establishing that (i) Plaintiff Minor died intestate; (ii) Plaintiff Minor was survived by four children; and (iii) Plaintiff Minor was not survived by a spouse. Illinois law provides that if a person dies intestate with descendants but no surviving spouse, the entire estate shall be distributed to the person's descendants per stirpes. *See* 755 ILCS 5/2-1. Thus, J.M.1, J.M.2, A.M., and Jermon Minor are the legal successors in interest to their father's claims in this lawsuit, and are therefore the proper parties to be substituted in his place.

**2. Plaintiff Minor's claims survive his death.**

Since Plaintiff's Minor's children are proper representatives for the purposes of substitution, the next question is whether Plaintiff Minor's BIPA claims survive his death. Fed. R. Civ. P. 25 does not provide an answer to this question—rather, "[w]hether a claim survives or is 'extinguished' upon the death of a party is determined by 'the nature of the cause of action for which the suit is brought.'" *U.S. ex rel. Colucci v. Beth Isr. Med. Ctr.*, 603 F. Supp. 2d 677, 680 (S.D.N.Y. 2009) (quoting *Ex parte Schreiber*, 110 U.S. 76, 80 (1884)). When a claim based on a state cause of action, like the BIPA, federal courts look to that state's law to determine if a claim survives the plaintiff's death. *See e.g., Breeze v. Bayco Products Inc.*, 475 F.Supp.3d 899, 908-09 (S.D. Ill. 2020). Here, that state law is the Illinois Survival Act.

The Illinois Survival Act provides, *inter alia*, that "actions to recover damages for an injury to the person" survive the death of the plaintiff. See 755 Ill. Comp. Stat. Ann. 5/27-6. *See*

*also Abellan v. HRDS Le Roy Il, LLC*, No. 16-1037, 2020 WL 10355049, at *2 (C.D. Ill. June 19, 2020) ("In Illinois, actions to recover damages for injuries to a person (except slander and libel) survive a person's death."). Plaintiff Minor's lawsuit alleges that Defendant Oldcastle injured him by failing to adhere to the regulatory scheme of the BIPA. The Illinois Supreme Court has characterized the failure to adhere to the BIPA as "a real and significant injury." *Rosenbach v. Six Flags Ent. Corp.*, 2019 IL 123186, ¶ 34, 129 N.E.3d 1197, 1206. *See also Patel v. Facebook Inc.*, 290 F. Supp. 3d 948, 954 (N.D. Cal. 2018) (finding that "the abrogation of the procedural rights mandated by BIPA necessarily amounts to a concrete injury."); *Dixon v. Washington & Jane Smith Cmty.-Beverly*, No. 17 C 8033, 2018 WL 2445292, at *10 (N.D. Ill. May 31, 2018) (finding the disclosure of a plaintiff's biometric data without consent was an "intangible injury").

In short, Defendant's alleged violations of the BIPA constitute injuries to Plaintiff Minor's person and so they were not extinguished upon his death.

### 3. The motion to substitute is timely.

Rule 25(a)(1) provides: "If the motion [for substitution] is not made within 90 days after [the death is suggested upon the record] service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). "The case law makes clear that…nothing will suffice to start the 90–day clock running except service on whoever is identified as the decedent's representative or successor." *Atkins* at 874; *see also Saylor v. Bastedo*, 623 F.2d 230, 237 (2d Cir. 1980) (holding that a Motion for Substitution filed three years after death of the party was not untimely because the time limit began only when the suggestion of death was filed).

Here, the suggestion of death was filed less than 90 days ago. Furthermore, the only successors to Plaintiff Minor are the movants themselves—and so service of the suggestion of death on any other person is not required. Thus, the instant motion is timely.

**4. Conclusion.**

For the foregoing reasons, Plaintiff's adult son, Jermon Minor, and Kekeisha Beasley, the mother of Plaintiff's three minor children. J.M.1, J.M.2, and A.M., respectfully request this Court issue an order substituting them for their father, Jermaine Minor, in this action.

Dated: February 8, 2023                  Respectfully submitted,
                                         **BEAUMONT COSTALES LLC**

                                         By:___*/s/ Roberto L. Costales*_____
                                                 Roberto L. Costales

                                         Roberto L. Costales, Esq.
                                         William H. Beaumont, Esq.
                                         107 W. Van Buren, Suite 209
                                         Chicago, Illinois 60605
                                         Telephone: (773) 831-8000
                                         E-Mail: rlc@beaumontcostales.com
                                         whb@beaumontcostales.com