IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERMAINE MINOR, on behalf of himself and other persons similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 21-CV-503-SMY |
| vs. | ) ) ) |
| OLDCASTLE SERVICES, INC., | ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This case is now before the Court for consideration of Plaintiff's unopposed Motion to Substitute Party (Doc. 15). Plaintiff Jermaine Minor filed this putative class action, alleging that Defendant Oldcastle Services, Inc. violated the Illinois Biometric Information Privacy Act ("BIPA") by using a biometric time clock for employees. Sadly, Plaintiff passed away without an estate or a will on July 1, 2022 (Doc. 15-1). He is survived by an adult son, Jermon Minor and three minor children (Docs. 15-1, 15-2).

Under Rule 25(a) of the Federal Rules of Civil Procedure:

If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

The instant motion was timely filed within 90 days of the suggestion of death (Doc. 13).

The Illinois Survival Act, 755 ILCS 5/27-6, provides in relevant part:

In addition to the actions which survive by the common law, the following also survive: actions of replevin, actions to recover damages for an injury to the person (except slander and libel), actions to recover damages for an injury to real or personal property or for the detention or conversion of personal property, actions

against officers for misfeasance, malfeasance, nonfeasance of themselves or their deputies, actions for fraud or deceit, and actions provided in Section 6-21 of "An Act relating to alcoholic liquors."

755 ILCS 5/27-6.

While BIPA claims are not explicitly referenced in the Illinois Survival Act and there appears no direct precedent from an Illinois Appellate Court or the Seventh Circuit Court of Appeals, actions to recover damages for injuries to "personal property" are to be given a broad construction "with reference to the conditions of present-day life." *McDaniel v. Bullard,* 216 N.E.2d 140, 143 (Ill. 1966). Because BIPA creates a property interest in personal biometric information, the Court finds that the BIPA claim survives Mr. Minor's death. See, 740 ILCS 14/15(a)-(d).

The Court is satisfied that Plaintiff's adult son, Jermon Minor, is a proper representative to prosecute Plaintiff's BIPA claim.[1] Accordingly, Plaintiff's Motion to Substitute Party (Doc. 15) is **GRANTED in part**. The Court of Clerk is **DIRECTED** to substitute Jermon Minor as Plaintiff.

**IT IS SO ORDERED.**

**DATED: March 22, 2023**

**STACI M. YANDLE**
**United States District Judge**

---

[1] The Court will not substitute Kekeisha Beasley, mother of Plaintiff's three minor children as a plaintiff as requested. See, *Roberson v. Wood,* 500 F.Supp. 854, 859 (S.D.Ill. 1980) (where there is no legal relationship aside from kinship, a motion for substitution should be denied).